IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| DMYTRO KOVALENKO, an individual,<br><br>              Plaintiff,<br><br>vs.<br><br>EPIK HOLDINGS, INC., a corporation, and ANONYMIZE, INC., a corporation,<br><br>              Defendants. | Case No.:<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Dmytro Kovalenko ("Kovalenko" or "Plaintiff"), by and through his attorneys, for his Complaint against Defendants Epik Holdings, Inc. ("Epik") and Anonymize, Inc. ("Anonymize") (collectively, "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This case is about a scheme by Defendants to publish a defamatory and baseless news article about Kovalenko in order to create the opportunity to extort money from him in return for its removal. The article suggests that Kovalenko has engaged in unlawful activity, including paying off government officials, in connection with the shipment of coal into the Ukraine. The article is without basis in fact. Further, Defendants did not create the content for the article; instead, they copied it from another website without permission, and without determining whether it was in fact accurate. Their actions were designed to cause sufficient distress to Kovalenko that he would capitulate to their extortion

COMPLAINT - 1

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON 97201
(503) 295-3085

demand.  Defendants have and continue to defame Kovalenko per se, both personally and professionally, and invade his privacy by portraying him in a false light.

2.     Kovalenko seeks to secure injunctive relief and monetary damages from Defendants.

## PARTIES

3.     Kovalenko is a Ukrainian national who currently resides in Monaco.

2.     Epik is a Washington corporation with its principal place of business in Sammamish, Washington.

3.     Anonymize is a Washington corporation with its principal place of business in Sammamish, Washington.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).  Diversity of citizenship exists because Kovalenko is a citizen of a foreign state; Defendants are Washington corporations; and the amount in controversy exceeds $75,000.

5.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants maintain their principal places of business in this judicial district and because the events giving rise to the claims occurred in this judicial district.  On that basis, the Court also has personal jurisdiction over Defendants.

## BACKGROUND

### The parties' respective businesses.

6.     Kovalenko, a Ukrainian businessman, has engaged in the international trade of coal products for more than 20 years.  He is the founder of Adelon AG ("Adelon"), a Swiss company that specializes in the international sale of coal products to a number of countries, including China, South Korea, Ukraine, and within the European Union.  Kovalenko owns business entities in addition to Adelon, including but not limited to Polska Grupa Importowa Premium Sp. z o.o.  He and his companies work exclusively with the legal framework, taking

into account all requirements of international law.  Kovalenko has spent decades building a solid and unblemished personal and professional reputation.  In connection with both his personal and professional dealings, he maintains bank accounts with major Swiss banks.  Kovalenko is married and has two children.

7. Epik was founded in 2009 as a domain name asset management company.  After acquiring and growing a domain registrar in 2011, it now operates as a domain name registrar and global hosting company with operations in the Americas, Europe, Africa, and Asia.  Epik was founded by Robert Monster, who acted as the company's President and Chief Executive Officer until September 2022.

8. Upon information and belief, Anonymize allows websites to operate anonymously.  The company advertises that by using its services, "you decide who knows what about you."  Pursuant to Anonymize's Articles of Incorporation filed with the Washington Secretary of State, Robert Monster was one of its original incorporators.

9. Also pursuant to the business information available on the Washington Secretary of State website, Epik and Anonymize share the same primary office street address: 3832 234th Avenue SE, Sammamish, WA 98075.

**Kovalenko is defamed and portrayed in a false light by publication of an article containing false statements about him.**

10. On or around January 29, 2022, the website www.warsawpoint.com published an article titled, "*Alexander Kurpetko From Rinat Akhmetov Circle Uses Trafigura Trader to Cover Counterfeit Coal Trade*" ("Article").  While the main focus of the Article alleges that Alexander Kurpetko, a coal trader involved in supplying coal to Ukraine with business ties to Rinat Akhmetov, a Ukrainian businessman and the country's richest oligarch, engaged in unlawful coal trading and received related kickbacks, the Article also discusses Kovalenko.  Specifically, it suggests that Kovalenko, an alleged partner of Kurpetko (maintaining three companies with him) has been involved in illegal schemes to ship coal into Ukraine out of

**COMPLAINT - 3**

the Donetsk People's Republic (a disputed entity created by Russia-backed separatists in eastern Ukraine now annexed by Russia) with the assistance of corrupt Russian and Ukrainian officials, thereby causing Ukrainians to overpay for coal.

11. Specific excerpts from the Article include the following:

- "This company, like a number of other Ukrainian and foreign companies, is part of the orbit of Dmitry [sic] Kovalenko, a native of Donbass, who, with the help of corrupt Russian and Ukrainian officials, supplies coal to Ukraine under the 'interrupted transit' scheme[.]"

- "Recall that the more firms involved in the supply chain, the more expensive the final product costs the customer in the end.  The final product in our case is electricity, for the production of which coal is used.  But various schemers, such as Dmitry [sic] Kovalenko and Alexander Kurpetko, pass this coal through the chain of their firms, each of which winds up its margin.  This margin eventually settles in the pockets of the authors of the scheme, but ordinary Ukrainians have to pay this money.  Which continue to overpay for coal and electricity.  At the same time, the coal that travels under this scheme is mined by the 'DNR.'  Knowing Dmitry [sic] Kovalenko's connections in Russia and Ukraine, in law enforcement agencies, he could organize this scheme.  And in Ukraine, no one will check it."

Kovalenko learned of the Article's existence in late January 2022.

12. This was not the first time the Article had made the rounds online.  It was previously published by a website called 368.media in January 2022.  After Kovalenko's international legal counsel ("International Counsel") lodged a complaint with the editor and journalists of that website and demanded deletion of the offensive material, the Article was removed because the editor and journalists agreed the contents of the Article were false.  The Article also previously appeared on a website called www.weeklynewsreview.com.  After International Counsel unsuccessfully demanded removal from that website, a court in Limassol, a city in Cyprus, issued an Interim Order ("Order") in June 2022 directing the defendant to delete the Article from its website, which it has since done.

**COMPLAINT - 4**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON 97201
(503) 295-3085

**When Kovalenko's International Counsel engage in efforts to remove the defamatory Article from www.warsawpoint.com, they are met with attempted extortion.**

13. Given the unfounded and defamatory allegations in the article, on January 29, 2022, Kovalenko's International Counsel sent an email to the www.warsawpoint.com website via the contact email address available on its website, demanding immediate removal of the defamatory article. Kovalenko's International Counsel also included in their email that the Article was authored by journalists from the website 368.media, and that it appeared that www.warsawpoint.com's journalists had translated the article into English and posted it on the website without taking any steps to verify the information in the Article. In other words, not only was this sloppy journalism, but www.warsawpoint.com appears to have had no right to republish this article, and it was not its own original content; thus, it had no claim to free speech, given it was not the words of any of www.warsawpoint.com's own journalists or editor.

14. Kovalenko's International Counsel received a response from the www.warsawpoint.com website the following day, which read, "You should open and read it https://safenote.co/r/6156bd3841354@29857290 , if you need our help[.]" Messages sent via the safe note online service allow the sender to "[e]ncrypt and send files and notes with a link that automatically destructs after being read."[1]

15. Kovalenko's International Counsel clicked on the link to open the message and was shocked to read the following:

> Hi!
> I suppose 0.1 BTC will be enough for the retraction
> of this article, with or without replacing ono the one
> you'll like, at your choice.  Please tell me when you'll
> be ready for the transaction, I'll delete it.  You'll then
> check and if everything is OK, make the transaction
> and we'll finish the deal with ambiguous [sic]
> satisfaction.

---

[1] https://safenote.co/ (last visited October 27, 2022).

**COMPLAINT - 5**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON 97201
(503) 295-3085

The reference to "BTC" refers to a digital currency called Bitcoin.  On January 30, 2022, one Bitcoin was valued at approximately $38,000; thus, 0.1 Bitcoin equated to approximately $3,800.

16. The meaning was clear.  The individual or individuals who sent this message were seeking to extort a payment from Kovalenko in exchange for deletion of the defamatory Article, the contents of which were not even their original work.

17. Upon information and belief, www.warsawpoint.com is a domain name owned by Epik.  Indeed, a search for www.warsawpoint.com on a website called who.is, which provides registrar information for domain names, identifies Epik as the registrar for that website.[2]  Because www.warsawpoint.com uses Anonymize's services to protect the identity of the website's owner, Kovalenko's International Counsel was unable to identify the owner of that particular website.  However, upon information and belief, Epik and Anonymize jointly operate www.warsawpoint.com, and therefore upon information and belief, posted the Article and demanded payment to remove it.

18. After reading the message and concluding, upon information and belief, that Epik and Anonymize were behind publication of the Article, on September 23, 2022, International Counsel sent an email to Epik via an email address located on the latter's website (abuse@epik.com), attaching a letter demanding immediate removal of the Article, and also apprising Epik of the Order International Counsel had previously obtained and which led to the Article being deleted from the www.weeklynewsreview.com website (and including a copy of the Order).  International Counsel also included a copy of the message demanding payment for removal of the Article, and apprised Epik that this act constituted unlawful blackmail.  International Counsel sent the same letter and attachments to the email address it located for Anonymize.

---

[2] This information is available at https://who.is/whois/warsawpoint.com (last visited October 27, 2022).

**COMPLAINT - 6**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

19. On September 26, 2022, a Customer Success Representative from Epik responded to International Counsel, informing them that Epik's Support team did not handle abuse complaints "through tickets, chat or phone," and had to be submitted via the company's "formal abuse channel, which is abuse.epik.com." However, shortly thereafter on the same day, International Counsel received a message by email from the same Customer Success Representative, which stated as follows: "We've marked this ticket (#249390) as resolved. Not yet? No worries. Just reply back or click the link below and we can continue our dialogue until you are satisfied." International Counsel never received a response from Anonymize.

### FIRST CLAIM FOR RELIEF
### DEFAMATION
### (All Defendants)

20. Kovalenko incorporates paragraphs 1 through 19, above, as if fully incorporated herein.

21. The false statements contained in the published Article constitute defamation per se of Kovalenko. Those statements suggest that in connection with his professional dealings, Kovalenko, in the past and currently, alone and with others, directly and through various companies, has been involved in schemes, criminal and improper conduct, illegal business practices, and corruption (specifically, bribing of public officials). These untrue statements imply that Kovalenko, and by extension, the companies he founded and/or owns, are corrupt and has and continues to engage in criminal misconduct.

22. Defendants published these false statements with knowledge of the falsity, with reckless disregard for the truth, and/or without a reasonable belief as to their accuracy.

23. Kovalenko is not a public figure.

24. As a result of the publication of the Article, Kovalenko has been defamed per se because it has exposed him to hatred, contempt, ridicule and obloquy, deprived him of public confidence and social intercourse, and injured him in his business, trade, profession

**COMPLAINT - 7**

and office.  With respect to the injury to Kovalenko's business, trade, profession, and office, the Article has defamed him both expressly and by implication, has caused harm to his reputation and the reputation of the businesses he founded and/or owns, and has required him to incur expenses to refute these false statements.  Such damages amount to more than $10 million.

25. As a proximate consequence of Defendants' publication of the Article, Kovalenko has suffered, and will continue to suffer, irreparable injury.

26. Defendants should be temporarily, preliminarily, and permanently enjoined from continuing to publish the Article on www.warsawpoint.com, and should be required to immediately delete it from that website.

**SECOND CLAIM FOR RELIEF**
**INVASION OF PRIVACY (FALSE LIGHT)**
**(All Defendants)**

27. Kovalenko incorporates paragraphs 1 through 26, above, as if fully incorporated herein.

28. The false statements contained in the published Article placed Kovalenko in a false light.  Those statements suggest that in connection with his professional dealings, Kovalenko, in the past and currently, alone and with others, directly and through various companies, has been involved in schemes, criminal and improper conduct, illegal business practices, and corruption (specifically, bribing of public officials).  These untrue statements imply that Kovalenko, and by extension, the companies he has founded and/or owns, are corrupt and have and continue to engage in criminal misconduct.

29. The false light created by these spurious and untrue statements in the Article would be offensive to a reasonable person because they falsely accuse Kovalenko of engaging in corruption and criminal misconduct.

**COMPLAINT - 8**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

30. Defendants knew of or recklessly disregarded the falsity of the publication and the false light in which Kovalenko would be placed when they published the Article without verifying the accuracy of its contents.

31. As a proximate consequence of Defendants' publication of the Article, Kovalenko has suffered, and will continue to suffer, irreparable injury.

32. Defendants should be temporarily, preliminarily and permanently enjoined from continuing to publish the Article on www.warsawpoint.com, and should be required to immediately delete it from that website.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for the following:

A. Judgment in his favor and against Defendants;

B. An immediate, preliminary, and permanent injunction requiring Defendants to immediately remove the offending article from www.warsawpoint.com;

C. Monetary damages as proven at trial to compensate Plaintiff for the harm he has suffered as a direct and proximate result of Defendants' violations of state law in an amount in excess of $10,000,000;

D. Reasonable attorney fees, expert fees, and costs; and

E. Such other and further relief as this Court may deem proper.

///
///
///
///
///
///
///
///

**COMPLAINT - 9**

**DEMAND FOR JURY**

Plaintiff hereby demands a jury trial.

DATED this 4th day of November, 2022.

               MARKOWITZ HERBOLD PC

               By:   *s/ Jeffrey M. Edelson*
                      Jeffrey M. Edelson, WSBA #37361
                      JeffEdelson@MarkowitzHerbold.com
                      Naomi D. Johnson, WSBA #51896
                      NaomiJohnson@MarkowitzHerbold.com
                      Attorneys for Plaintiff

1354165