1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

DMYTRO KOVALENKO, an individual,

                Plaintiff,

      vs.

EPIK HOLDINGS, INC., a corporation, and
ANONYMIZE, INC., a corporation,

              Defendants.

Case No.:  2:22-cv-01578

**DECLARATION OF DMYTRO
KOVALENKO IN SUPPORT OF
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER**

I, Dmytro Kovalenko, declare as follows:

1.      I make this declaration in support of Plaintiff's Motion for Preliminary
Injunction and Temporary Restraining Order.  The following statements are true and correct
and, if called upon, I could competently testify to the facts averred herein.

2.      I am a Ukrainian businessman and currently reside in Monaco.  I have
engaged in the international trade of coal products for more than 20 years.  I am the founder
of Adelon AG ("Adelon"), a Swiss company that specializes in the international sale of coal
products to a number of countries, including China, South Korea, Ukraine, and within the
European Union.  I own business entities in addition to Adelon, including but not limited to

**DECLARATION OF DMYTRO KOVALENKO IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER - 1**

Doc ID: 95eeb3b583ecfba76fba99a1408d1735d11ab768

1   Polska Grupa Importowa Premium Sp. z o.o.  I and my companies work exclusively within

2   the legal framework, taking into account all requirements of local and international law.  I

3   have spent decades building a solid and unblemished personal and professional reputation in

4   our industry.  In connection with both my personal and professional dealings, I maintain bank

5   accounts with major Swiss banks.  I am married and have two children.

6        3.        While I am a businessman and own various companies, I am not a public

7   figure, either in Ukraine or elsewhere.  For example, the websites for my companies do not

8   contain identifying information about me, such as a photograph or biographical information.

9   The website for Adelon does not even mention my name.  I do not assert or publish opinions

10  about public controversies or political issues or candidates.  I have never run for public

11  office.  I do not have any particular influence with politicians or the public at large.  I do not

12  broadcast on Twitter. I do not maintain any social media accounts.  I am not an entertainer.  I

13  do not give broadcast interviews or otherwise assert myself in news and entertainment media.

14  Other than when I am at my office, I am largely anonymous to the public in my day-to-day

15  activities.  Strangers do not recognize me on the street.  Photographers do not follow me.  I

16  am known only in narrow business circles. When I make donations to charitable causes, I do

17  not accept any special public recognition.

18       4.        In late January 2022, I learned of an article that had been published on the

19  website www.warsawpoint.com on or around January 29, 2022, titled, *Alexander Kurpetko

20  From Rinat Akhmetov Circle Uses Trafigura Trader to Cover Counterfeit Coal Trade*"

21  ("Article").  A copy of the Article is attached as Ex. 1.  While the main focus of the Article

22  alleges that Alexander Kurpetko, a coal trader involved in supplying coal to Ukraine with

**DECLARATION OF DMYTRO KOVALENKO IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER - 2**

Doc ID: 95eeb3b583ecfba76fba99a1408d1735d11ab768

1
2
3
4
5
6
7
8

business ties to Rinat Akhmetov, a Ukrainian businessman and the country's richest oligarch, engaged in unlawful coal trading and received related kickbacks, the Article also discusses me. Specifically, it suggests that I am an alleged partner of Kurpetko (maintaining three companies with him) and have been involved in illegal schemes to ship coal into Ukraine out of the Donetsk People's Republic (a disputed entity created by Russia-backed separatists in eastern Ukraine now annexed by Russia) with the assistance of corrupt Russian and Ukrainian officials, thereby causing Ukrainians to overpay for coal.

9
10

5.      Specific excerpts from the Article about me include the following:

11
12
13

- "This company, like a number of other Ukrainian and foreign companies, is part of the orbit of Dmitry [sic] Kovalenko, a native of Donbass, who, with the help of corrupt Russian and Ukrainian officials, supplies coal to Ukraine under the 'interrupted transit' scheme[.]"

14
15
16
17
18
19
20

- "Recall that the more firms involved in the supply chain, the more expensive the final product costs the customer in the end. The final product in our case is electricity, for the production of which coal is used. But various schemers, such as Dmitry [sic] Kovalenko and Alexander Kurpetko, pass this coal through the chain of their firms, each of which winds up its margin. This margin eventually settles in the pockets of the authors of the scheme, but ordinary Ukrainians have to pay this money. Which continue to overpay for coal and electricity. At the same time, the coal that travels under this scheme is mined by the 'DNR.' Knowing Dmitry [sic] Kovalenko's connections in Russia and Ukraine, in law enforcement agencies, he could organize this scheme. And in Ukraine, no one will check it."

21
22
23
24
25

6.      This was not the first time the Article had been published online. It was previously published by a website called 368.media in January 2022. I no longer have a copy of that article. After my international legal counsel ("International Counsel") lodged a complaint with the editor and journalists of that website and demanded deletion of the

26

**DECLARATION OF DMYTRO KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER - 3**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

offensive material (per my request), the Article was removed because the editor and

journalists agreed the contents of the Article were false.

       7.     The Article also previously appeared on a website called

www.weeklynewsreview.com.  A copy of that version is attached as Ex. 2.  After

International Counsel unsuccessfully demanded, removal from that website, a court in

Limassol, a city in Cyprus, issued an Interim Order ("Order") in June 2022 directing the

defendant to delete the Article from its website, which it has since done.  A copy of that order

is attached as Ex. 3.

       8.     Given the unfounded and defamatory allegations in the Article, on January 29,

2022, upon my direction, International Counsel sent an email to the www.warsawpoint.com

website via the contact email address available on its website, demanding immediate removal

of the defamatory Article.  A copy of that email is attached as Ex. 4.  International Counsel

also included in their email that the Article was authored by journalists from the website

368.media, and that it appeared that www.warsawpoint.com's journalists had translated the

article into English and posted it on the website without taking any steps to verify the

information in the Article.

       9.     International Counsel received a response from the www.warsawpoint.com

website the following day, a copy of which is attached as Ex. 5.  It read, "You should open

and read it https://safenote.co/r/6156bd3841354@29857290 , if you need our help[.]"

International Counsel clicked on the link to open the message and was shocked to read the

following:

**DECLARATION OF DMYTRO KOVALENKO IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER - 4**

Doc ID: 95eeb3b583ecfba76fba99a1408d1735d11ab768

1
2
3
4
5

> Hi!
> I suppose 0.1 BTC will be enough for the retraction
> of this article, with or without replacing ono the one
> you'll like, at your choice. Please tell me when you'll
> be ready for the transaction, I'll delete it. You'll then
> check and if everything is OK, make the transaction
> and we'll finish the deal with ambiguous [sic]
> satisfaction.

6

A copy of the safe note message is attached as Ex. 6.  I understand the reference to "BTC" to

7

refer to a digital currency called Bitcoin.  On January 30, 2022, one Bitcoin was valued at

8

approximately $38,000; thus, 0.1 Bitcoin equated to approximately $3,800.  A copy of that

9

valuation is attached as Ex. 7.

10

11

      10.     Upon my instruction, International Counsel conducted a search for

12

www.warsawpoint.com on a website called who.is, which provides registrar information for

13

domain names, which identified Epik as the registrar for that website.  Because

14

www.warsawpoint.com uses Anonymize's services to protect the identity of the website's

15

owner, International Counsel was unable to identify the owner of that particular website.

16

17

      11.     After reading the message, I instructed International Counsel to send an email

18

to Epik via an email address located on the latter's website (abuse@epik.com), attaching a

19

letter demanding immediate removal of the Article, and also apprising Epik of the Order

20

International Counsel had previously obtained and which led to the Article being deleted

21

from the www.weeklynewsreview.com website (and including a copy of the Order).  A copy

22

of that email and its enclosures are attached as Ex. 8.  Per my instruction, International

23

Counsel also included a copy of the message demanding payment for removal of the Article,

24

and apprised Epik that this act constituted unlawful blackmail.  Also per my direction,

25

26

**DECLARATION OF DMYTRO KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER - 5**

Doc ID: 95eeb3b583ecfba76fba99a1408d1735d11ab768

1     International Counsel sent the same letter and attachments to the email address it located for

2     Anonymize.  A copy of that letter is attached as Ex. 9.

3            12.      On September 26, 2022, a Customer Success Representative from Epik

4     responded to International Counsel, informing them that Epik's Support team did not handle

5     abuse complaints "through tickets, chat or phone," and had to be submitted via the

6     company's "formal abuse channel, which is abuse.epik.com."  A copy of that response is

7     attached as Ex. 10.  However, shortly thereafter on the same day, International Counsel

8     received a message by email from the same Customer Success Representative, which stated

9     as follows: "We've marked this ticket (#249390) as resolved.  Not yet?  No worries.  Just

10     reply back or click the link below and we can continue our dialogue until you are satisfied."

11     A copy of that email is attached as Ex. 10.   International Counsel never received a response

12     from Anonymize.

13            13.      The effect of the Article on my personal and professional reputation and

14     business interests has been devastating.  In addition to being the subject of contempt and

15     ridicule by colleagues and business partners, business partners have also been avoiding me

16     and refusing to take part in previously agreed meetings, dinners and business projects.  The

17     Article has severely injured my professional reputation and business and financial interests

18     such that both I and the companies I own and operate have suffered.

19            14.      For example, at least six companies – BS ENERGY Group, Braunschweiger

20     Versorgungs-AG & Co. KG, Veolia Energia Polska S.A., Grupa Azoty, S.A., OT Logistics

21     S.A., and P2 Trading Sp. Z o.o. – have, since publication of the Article, refused to enter into

22     business relationships with my companies.  Although, upon my instruction, International

**DECLARATION OF DMYTRO KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER - 6**

Doc ID: 95eeb3b583ecfba76fba99a1408d1735d11ab768

1    Counsel sent letters to these companies explaining that the contents of the Article were

2    untrue and defamatory and that I was engaging in legal efforts to have the offensive material

3    removed (copies of these letters are attached as Ex. 11), the companies would not reconsider

4    their positions.

5        15.    Although I discovered the Article in January 2022, various events, including

6    the Russian invasion of Ukraine, have delayed my ability to move for injunctive relief.  Once

7    I discovered the Article in late January 2022, I had to find and retain legal counsel in Poland

8    in order to attempt to have the Article removed from www.warsawpoint.com.  This

9    engagement required that I exchange relevant information and documents to coordinate with

10   that counsel.  Although I instructed Internal Counsel to engage in preliminary efforts directly

11   with the website soon after my discovery of the Article, their efforts were halted upon the

12   Russian invasion of Ukraine on February 24, 2022.

13       16.    Although I am a Ukrainian national, I was not in the Ukraine at the time of the

14   invasion; however, many of my family members, friends and colleagues remained there and

15   my primary concern was to maintain contact with them and work to make arrangements to

16   allow them to relocate out of the war-torn region and to a safe place until the conflict was

17   over. To date, I have managed to organize the relocation of more than 20 of my employees

18   from the Ukraine with their families to Poland, where I have rented them accommodation

19   and employed them in a company owned by me - Polska Grupa Importowa Premium Sp. z

20   o.o.   In addition, I needed to make urgent arrangements to try to save my business in

21   Ukraine; unfortunately, almost all business in the Ukraine has been stopped or ceased due to

**DECLARATION OF DMYTRO KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER - 7**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

Doc ID: 95eeb3b583ecfba76fba99a1408d1735d11ab768

1   Russian military action against that country.  Finally, I have been involved in humanitarian

2   relief activities for Ukrainian war victims since the conflict began.

3       17.     While the publication and maintenance of the defamatory Article on

4   www.warsawpoint.com has caused, and continues to cause, damage to my personal and

5   professional reputation and business dealings, I placed these greater issues ahead of my own

6   personal agenda.  And although the Russian invasion continues, now that I have been able to

7   deal with some of these more urgent and life-threatening matters, I finally have been able to

8   secure U.S. legal counsel to assist me in initiating this legal proceeding against Defendants.

9       18.     While I could simply have yielded to Defendants' extortionist demand and

10  paid them as requested, I opted to address this situation through legal process.  Since

11  commencing legal proceedings in conjunction with publication of this false and defamatory

12  Article, I have to date expended many multiples of the extortion demand to attempt to

13  resuscitate my sullied reputation and have the offensive material permanently removed from

14  the internet.

15      19.     Attached to this declaration are true and correct copies of the following

16  documents:

| Exhibit No. | Description |
|---|---|
| 1 | Article, "*Alexander Kurpetko From Rinat Akhmetov Circle Uses Trafigura Trader to Cover Counterfeit Coal Trade,*" published on www.warsawpoint.com on or around January 29, 2022 (printed from www.warsawpoint.com website on November 1, 2022) |
| 2 | Article, *Alexander Turpetko, Rinat Akhmetov Confidant, Is Spotted In Coal Smuggling Schemes, Messes Trafigura Into It*, published on www.weeklynewsreview.com on or around January 29, 2022 |

**DECLARATION OF DMYTRO KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER - 8**

Doc ID: 95eeb3b583ecfba76fba99a1408d1735d11ab768

| Exhibit No. | Description |
|---|---|
|  |  |
| 3 | Interim Order issued by the District Court of Limassol (in Cyprus) on June 2, 2022, in the matter of Dmytro (Dmitry) Kovalenko, Claimant, against Danesco Trading Limited, Defendant |
| 4 | Email from International Counsel to www.warsawpoint.com dated January 29, 2022 |
| 5 | Emails between International Counsel and www.warsawpoint.com dated January 29 and January 30, 2022 |
| 6 | Safe note message |
| 7 | Valuation of Bitcoin as of January 30, 2022 (printed from https://convertcryptoto.com/bitcoin/2022-01-30 on November 1, 2022) |
| 8 | Email from International Counsel to Epik dated September 23, 2022 (including attachments) |
| 9 | Letter from International Counsel to Anonymize dated September 26, 2022 |
| 10 | Emails from Epik to International Counsel dated September 26, 2022 |
| 11 | Letter from International Counsel to:<br><br>• Braunschweiger Versorgungs-AG & Co. KG and Veolia Energia Polska S.A. regarding BS ENERGY Group dated September 28, 2022 (excluding exhibits);<br><br>• Grupa Azoty, S.A. dated October 5, 2022 (excluding exhibits);<br><br>• OT Logistics S.A. dated October 5, 2022 (excluding exhibits); and<br><br>• P2 Trading Sp. Z o.o. dated October 5, 2022 (excluding exhibits) |

**DECLARATION OF DMYTRO KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER - 9**

1     I declare under penalty of perjury under the laws of the United States of America and

2  the laws of the state of Washington that the foregoing is true and correct.

3     Executed on November 4, 2022.

_____
Dmytro Kovalenko

135416

**DECLARATION OF DMYTRO KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER - 10**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085