UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DMYTRO KOVALENKO, <br><br> Plaintiff(s), <br> v. <br><br> EPIK HOLDINGS INC et al, <br><br> Defendant(s). | CASE NO. 2:22-cv-01578-TL <br><br> ORDER |

This matter is before the Court on Plaintiff Dmytro Kovalenko's motion for preliminary injunction and temporary restraining order (the "Motion"). Dkt. No. 2. Having considered the relevant record and finding oral argument on the motion for temporary restraining order ("TRO") unnecessary, *see* LCR 7(b)(4), 65(b)(3), the Court hereby (1) declines to issue a TRO and DENIES in part the Motion without prejudice; and (2) DEFERS RULING on the remainder of the Motion pending service on Defendants and a potential hearing on the request for a preliminary injunction.

ORDER - 1

I.  BACKGROUND

This action arises out of Plaintiff's action for defamation and invasion of privacy against Defendants Epik Holdings, Inc. and Anonymize, Inc. Dkt. No. 1 ¶¶ 20–32. Plaintiff is a Ukrainian businessman engaged in international trading of coal products. *Id.* ¶ 6. In January 2022, a website called 368.media published an article representing that, in part, Plaintiff was involved in illegal schemes to ship coal into Ukraine with the assistance of corrupt Russian and Ukrainian officers, earning profit margins that resulted in the overpayment for coal and electricity by consumers. *Id.* ¶¶ 10–12. 368.media removed the article at the request of Plaintiff's counsel. *Id.* ¶ 12. In the same month, another website, www.weeklynewsreview.com, also published the article. *Id.* Plaintiff was able to secure a court order in Cyprus directing that the second article be deleted, which was subsequently completed. *Id.*

On or around January 29, 2022, yet another website, www.warsawpoint.com, published the article (the "Third Article"). *Id.* ¶ 10. Plaintiff's counsel emailed the website on January 29, demanding that it remove the Third Article. *Id.* ¶ 13. The following day, Plaintiff's counsel received a response containing a link to an encrypted and self-destructing message, which demanded a payment of 0.1 bitcoin for the removal of the Third Article. *Id.* ¶¶ 14–15. While Plaintiff has not been able to identify the owner of www.warsawpoint.com, Plaintiff believes that Defendant Epik owns the domain for the website, that Defendant Anonymize provides services to protect the identity of the website's owner, and that the two Defendants jointly operate the website. *Id.* ¶ 17.

On September 23, 2022, Plaintiff's counsel emailed Epik and Anonymize demanding the immediate removal of the Third Article and stating that the January 30 message constituted unlawful blackmail. *Id.* ¶ 18. On September 26, a Customer Success Representative responded to the email by instructing that abuse complaints to Epik should be submitted to a different channel,

and the Customer Success Representative further notified Plaintiff's counsel that the "ticket" had been marked as resolved. *Id.* ¶ 19. Plaintiff's counsel never received a response from Anonymize. *Id.*

Plaintiff filed this action on November 4. *Id.* at 10. Plaintiff also filed the Motion, seeking a TRO and preliminary injunction to enjoin Defendants to remove the Third Article. Dkt. No. 2 at 1. Plaintiff requests oral argument and an expedited hearing. *Id.* Summons was issued later the same day (Dkt. No. 5), and no Defendant appears to have been served or have appeared in this action.

## II.    DISCUSSION

A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is "never awarded as of right." *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting the analysis for a TRO and a preliminary injunction are substantially identical), *overruled on other grounds by Winter*, 555 U.S. 7.

Importantly, given that the U.S. federal jurisprudence "runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute . . . , courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. Teamster*, 415 U.S. 423, 438–39 (1974)). In line with this principle, Federal Rule of Civil Procedure 65 provides that:

> (a)(1) **Notice.** The court may issue a preliminary injunction only on notice to the adverse party.
>
> . . .

> (b)(1) **Issuing Without Notice.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and
>>
>> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(emphasis added).

Local Civil Rule ("LCR") 65 of this District also provides that:

> (b)(1) *Issuance Without Notice Disfavored.* Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.
>
> . . .
>
> (b)(5) Unless the court orders otherwise, the adverse party must (1) file a notice indicating whether it plans to oppose the motion within twenty-four hours after service of the motion, and (2) file its response, if any, within forty-eight hours after the motion is served. . . . If the movant meets the requirements of Fed. R. Civ. P. 65(b), the court may grant the motion without awaiting a response.

In short, the Court cannot grant Plaintiff's request for a TRO without either adequate notice to Defendants or an adequate basis for issuing an *ex parte* TRO before Defendants can be heard. *See, e.g.*, *Gale Force Nine LLC v. Wizards of the Coast LLC*, No. C20-1700, 2020 WL 6817684, at *2 (W.D. Wash. Nov. 19, 2020) (denying TRO because plaintiff "failed to meet the requirements for a TRO without notice"), *report and recommendation adopted by* 2020 WL

6927606 (Nov. 20, 2020). Plaintiff has failed to make the requisite showing of either element. Accordingly, the Court denies Plaintiff's request for a TRO.

First, Plaintiff shows no evidence that any notice was provided to Defendants. This action was filed on November 4, 2022, along with the Motion, and summons was issued later that same day. *See* Dkt. Nos. 1, 2, 5. The Motion, and its supporting documents, contain no representation, evidence, or even mention of notice to Defendants, which should have occurred "before or contemporaneously with the filing of the motion," LCR 65(b)(1), or why such notice could not have been provided. No Defendant has appeared in the action, and there is no other evidence of any Defendant's awareness of this action, much less the Motion.

Second, Plaintiff fails to justify this lack of notice. Plaintiff's counsel has not "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required," Fed. R. Civ. P. 65(b)(1)(B), and the Court finds no such justification from the record upon review. Importantly, there is no evidence of any *immediate* injury that Plaintiff will suffer *before* Defendants can be provided notice. *See id.* 65(b)(1). Indeed, Plaintiff learned of the Third Article's existence in late January 2022 (Dkt. No. 3 ¶ 4), emailed the website publishing the Third Article on January 29, and received a response the following day (*id.* ¶¶ 8–9). Plaintiff then waited over nine months to file this action and the Motion, seeking a TRO from this Court. Plaintiff explains that "various events, including the Russian invasion of Ukraine, have delayed his ability to move for injunctive relief," and that he prioritized the impact of the invasion on his family, friends, and colleagues over "his own personal agenda." Dkt. No. 2 at 9–10. While the Court appreciates and does not intend to minimize the disruption and impact that the invasion has had on Plaintiff's life, Plaintiff's own nine-month delay nonetheless demonstrates that there is no danger of *immediate* injury sufficient to justify an *ex parte* TRO here. At most, Plaintiff

only alleges a continuation of injuries he has already suffered, or a speculative injury of an immediate loss of business or potential clients. This is not sufficient.

While the Court is sympathetic to Plaintiff's plight and concerned about the January 30, 2022 demand (Dkt. No. 1 at 5–6), Plaintiff has not shown that he has provided Defendants with adequate notice and opportunity to respond, nor that he is entitled to an *ex parte* TRO without notice. Plaintiff's request for a TRO is therefore denied without prejudice. However, the Court is prepared to consider Plaintiff's request for a preliminary injunction once Defendants are provided with adequate notice and opportunity to respond. The Court will schedule a hearing on the request for a preliminary injunction, if needed, at a later date.

### III.   CONCLUSION

Accordingly, Plaintiff's Motion (Dkt. No. 2) is DENIED without prejudice to the extent that it seeks a TRO. The Court DEFERS RULING on the remainder of the Motion, to the extent that it seeks a preliminary injunction, pending proper notice to Defendants and a potential hearing.

The Clerk is DIRECTED to re-note the Motion for **December 2, 2022**, pursuant to LCR 7(d)(3).

Dated this 7th day of November 2022.

Tana Lin
United States District Judge