1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

DMYTRO KOVALENKO,

CASE NO. 2:22-cv-01578-TL

12

                Plaintiff(s),

ORDER

   v.

13

JOHN DOES 1 THROUGH 5, d.b.a.

14

www.warsawpoint.com,

15

                Defendant(s).

16

17       This matter is before the Court on Plaintiff Dmytro Kovalenko's motion for leave to issue

18  a subpoena (Dkt. No. 20) and his second motion for preliminary injunction and temporary

19  restraining order ("TRO") (Dkt. No. 23). The Court has considered the relevant record and finds

20  oral argument unnecessary at this time. *See* LCR 7(b)(4), 65(b)(3). For the reasons below, the

21  Court: (1) GRANTS the motion to issue a subpoena; and (2) STAYS its consideration of the second

22  motion for a TRO and preliminary injunction.

23

24

# I.   BACKGROUND

This action arises out of Plaintiff's action for defamation and invasion of privacy against Defendants "John Does 1 through 5, doing business as www.warsawpoint.com" (the "Doe Defendants"). Dkt. No. 15 at 1. Plaintiff is a Ukrainian businessman engaged in international trading of coal products. *Id.* ¶ 9. The Doe Defendants are believed to be operating out of Warsaw, Poland, and conducting business in Washington by using a website hosted by a Washington-based entity. *Id.* ¶¶ 6, 13, 21. Plaintiff alleges that the Doe Defendants operate a website (www.warsawpoint.com) on which Defendants published, on or around January 29, 2022, a copy of a defamatory article (the "Article") that accuses Plaintiff of involvement with unlawful schemes to ship coal into Ukraine with the assistance of corrupt Russian and Ukrainian officials. *Id.* ¶ 14. This article had been previously published on other websites, which Plaintiff was able to successfully remove (by voluntary withdrawal for the first iteration and by court order for the second). *Id.* ¶ 16.

Plaintiff initially brought this action against Epik Holdings, Inc., who owns the domain for the www.warsawpoint.com website, and Anonymize, Inc., which provides services to protect the identity of the website's owner. Dkt. No. 1 ¶ 17. Epik and Anonymize share the same primary office address in Sammamish, WA. Dkt. No. 15 ¶ 12. On November 16, 2022, Plaintiff amended the complaint, naming "John Does 1 through 5, doing business as www.warsawpoint.com" as additional Defendants. Dkt. No. 15 at 1. Plaintiff also alleges that Epik and Anonymize "jointly operate www.warsawpoint.com" and "posted the Article in concert with the Doe Defendants." *Id.* ¶ 21. After filing his amended complaint (on the same day), Plaintiff voluntarily dismissed Epik and Anonymize from the action. Dkt. No. 16. As a result, only Plaintiff and the Doe Defendants remain in this action.

Plaintiff then moved for expedited discovery, seeking the Court's leave to serve third-party subpoenas on Epik and Anonymize to discover the identity and location of Defendants prior to a Rule 26(f) conference (the "Subpoena Motion"). Dkt. No. 20. Plaintiff also moved (for the second time) for a preliminary injunction and TRO against Defendants, seeking the removal of the Article from the Doe Defendants' website (the "Second TRO Motion"). Dkt. No. 23. The Doe Defendants have not appeared in the action.

## II.   DISCUSSION

### A.   Subject Matter Jurisdiction Concerns

As an initial matter, the Court has serious concerns regarding whether it has subject matter jurisdiction over this case. "Subject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013); *see also Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (examining and finding lack of diversity jurisdiction *sua sponte*). If the Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff is a citizen of a foreign nation and alleges, upon information and belief, that the Doe Defendants operate out of Poland. Therefore, this action appears to be a civil action between a foreign plaintiff and foreign defendants. While the Court has jurisdiction over civil actions between citizens of a state and citizens of a foreign nation, 28 U.S.C. § 1332(a)(2), "diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants . . . ." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (rejecting foreign corporation's attempt to create diversity jurisdiction by assigning claims to domestic parent corporation). Plaintiff's inclusion of Epik and Anonymize in his amended complaint,

followed by the prompt voluntary dismissal of the two entities, is also suspect. *See* 28 U.S.C. § 1359 ("A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.").

Further, it is unclear whether the Doe Defendants, the only remaining defendants in this case, can be the basis for diversity jurisdiction while they are unknown entities. *Compare Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir. 1980) (claim involving Doe Defendants was properly dismissed for lack of diversity jurisdiction), *with Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1033–35 (E.D. Cal. 2015) (discussing *Garter-Bare Co.* and subsequent law and holding that "Doe" defendants did not destroy diversity) *and Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9*, 172 F.R.D. 411, 414 (D. Haw. 1996) (same). In any case, some courts have opted to defer the consideration of diversity jurisdiction until a proper defendant is substituted in for a "Doe" defendant. *See, e.g.*, *Fat T, Inc.*, 172 F.R.D. 414 ("[A] more sensible approach would be to allow Doe Defendants while deferring the jurisdictional question until actual parties are substituted."); *see also Gardiner Fam., LLC*, 147 F. Supp. 3d at 1036 (noting the court may later raise subject matter jurisdiction as a question once the "Doe" defendants are identified). The Court also finds that this approach is prudent and appropriate here, where the Doe Defendants' existence is known but their identities and whereabouts are not yet verified. Therefore, while the Court will not proceed on substantive matters in this matter while subject matter jurisdiction remains uncertain, the Court proceeds to consider the limited question of expedited discovery that may resolve this issue in part.

**B.    Expedited Rule 26(d) Discovery**

A party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by [the FRCP], by stipulation, or by court

order." Fed. R. Civ. P. 26(d)(1). To deviate from the standard pretrial schedule, including by seeking expedited third-party discovery prior to a Rule 26(f) conference, the moving party must demonstrate good cause. *See, e.g.*, *Amazon.com, Inc. v. Dafang Haojiafu Hotpot Store*, No. C21-766, 2022 WL 2511742, at *2 (W.D. Wash. June 8, 2022) (finding good cause for third-party discovery to identify defendants); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In evaluating whether good cause exists to permit expedited discovery, courts examine the diligence and intent of the moving party and whether the need for expedited discovery in the administration of justice outweighs the prejudice to the responding party. *See Amazon.com, Inc.*, 2022 WL 2511742, at *1.

The Court notes that Plaintiff's Subpoena Motion is *ex parte*. While Plaintiff included a certificate of service (Dkt. No. 20 at 5), service appears to have been accomplished by email, which is ordinarily inadequate absent written consent by the receiving party. Fed. R. Civ. P. 5(b)(2)(E). Defendants have not been served with process nor have appeared in this action. However, the Court finds that Defendants suffer no prejudice for their lack of opportunity to respond, as they would suffer minimal prejudice from the Court granting Plaintiff's motion.

Plaintiff has shown good cause exists for limited third-party discovery targeted at learning the identities and locations of Defendants. *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) ("If the identity of any defendant is unknown, 'the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities . . . .'" (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980))); *see also Amazon.com, Inc.*, 2022 WL 2511742, at *2 ("Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served."). Indeed, this Court has previously granted expedited discovery before a Rule 26(f) conference to find information on unknown defendants, where plaintiffs knew that

defendants existed but could not identify or locate defendants despite diligent efforts. *Amazon.com, Inc. v. Tian Ruiping*, C21-159, slip op. at 5, ECF No. 29 (W.D. Wash. Aug. 12, 2022) (granting discovery to find third-party sellers of counterfeit products on the online store Amazon.com). There is also minimal risk of prejudice to Defendants, where the requested discovery is narrowly tailored to identify and locate Defendants so that they may be properly named and served in this action. *See* Dkt. No. 20 at 3 ("[T]he subpoena will likely yield adequate identifying information to permit service of process.").

Therefore, the Court finds good cause to permit Plaintiff to issue subpoenas to Epik and Anonymize for the limited purpose of finding Defendants' identities and locations. However, Plaintiff shall not be allowed to request cryptocurrency wallet addresses and blockchain transaction numbers, which seem to go beyond the necessary scope of discovery. Such information must be omitted from the subpoena. The Court will defer a decision on the pending Second TRO Motion until the Doe Defendants can be properly identified (or Plaintiff is unable to identify the Doe Defendants) and the question of the Court's subject matter jurisdiction can be resolved. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[F]ederal court generally may not rule on the merits of a case without first determining that it has jurisdiction . . . .").

## III.   CONCLUSION

Accordingly, the Court hereby ORDERS:

(1)   Plaintiff's Subpoena Motion (Dkt. No. 20) is GRANTED. Plaintiff may serve Rule 26(d) subpoenas, as attached to Plaintiff's supporting declaration but with the omission of the requests for cryptocurrency wallet addresses and blockchain transaction numbers (Dkt. No. 21), on the following entities:

- Epik Holdings, Inc.

- Anonymize, Inc.

Such service must occur within **seven (7) days** of this Order.

(2)    Plaintiff's Second TRO Motion (Dkt. No. 23) is STAYED pending the resolution of subject matter jurisdiction in this matter.

Dated this 12th day of December 2022.

_____
Tana Lin
United States District Judge