1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DMYTRO KOVALENKO,

                   Plaintiff,

    v.

JOHN DOES 1 THROUGH 5, d.b.a.
www.warsawpoint.com,

                  Defendants.

CASE NO. 2:22-cv-01578-TL

ORDER OF DISMISSAL

      This action arises out of Plaintiff Dmytro Kovalenko's action for defamation and invasion of privacy against Defendants "John Does 1 through 5, doing business as www.warsawpoint.com." Dkt. No. 15 at 1. This matter is before the Court on its own motion, upon review of the record. Having reviewed the relevant record, the Court hereby DISMISSES this action without prejudice.

      The relevant facts of this case have been summarized in the Court's prior orders. *See* Dkt. Nos. 25, 27. On December 12, 2022, the Court raised serious concerns regarding the Court's

subject matter jurisdiction over this matter, especially given that Plaintiff is a foreign citizen[1] and the only remaining Defendants appear to be foreign citizens.[2] Dkt. No. 25 at 3–4. However, recognizing that Defendants have not yet been identified or located, the Court deferred the resolution of this question and granted Plaintiff leave to pursue expedited discovery into Defendants' actual identities and locations. *Id.* at 5–6. The Court also stayed the consideration of Plaintiff's pending motion for a temporary restraining order and preliminary injunction (Dkt. No. 23) pending the resolution of the subject matter jurisdiction issue. *Id.* at 7.

In the ensuing six months, Plaintiff took no visible action, including pursuing the expedited discovery granted by the Court. No Defendant has appeared in this matter. Accordingly, the Court ordered Plaintiff to submit, by June 19, 2023, an explanation of whether the Court has subject matter jurisdiction over this matter and Plaintiff's next proposed steps in pursuing his lawsuit. Dkt. No. 27. The Court warned that "[f]ailure to timely respond will result in the dismissal of this action for lack of subject matter jurisdiction and for failure to prosecute." *Id.* at 2. Plaintiff failed to respond to the Court's order.

First, based on the record available to the Court, the Court remains persuaded that it has no subject matter jurisdiction over this matter and must dismiss the case. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject matter jurisdiction, which involves a court's power to hear a case, can never be forfeited or waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even if no party challenges jurisdiction. *Id.*; *see also*

---

[1] Plaintiff is a Ukrainian national who resides in Monaco. Dkt. No. 15 ¶ 3.

[2] Defendants, whose identities remain unknown, are believed to be located in Warsaw, Poland. Dkt. No. 15 ¶¶ 6, 13.

1    *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (examining and

2    finding lack of diversity jurisdiction *sua sponte*). If a court determines at any time that it lacks

3    subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh*,

4    546 U.S. at 506 (citing Fed. R. Civ. P. 12(h)(3)). The party asserting jurisdiction holds the

5    burden of establishing jurisdiction. *E.g.*, *Kokkonen*, 511 U.S. at 377.

6          Plaintiff asserts that the Court has diversity jurisdiction over this matter. While the Court

7    indeed has jurisdiction over civil actions between citizens of a State of the United States[3] and

8    citizens of a foreign nation, *see* 28 U.S.C. § 1332(a)(2), "diversity jurisdiction does not

9    encompass a foreign plaintiff suing foreign defendants . . . ." *Nike, Inc. v. Comercial Iberica de*

10   *Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (rejecting foreign corporation's

11   attempt to create diversity jurisdiction by assigning claims to domestic parent corporation); *see*

12   *also Guan v. Bi*, No. C13-5537, 2014 WL 953757, at *3–5 (N.D. Cal. Mar. 6, 2014) (analyzing

13   diversity requirements in light of 2011 amendment to 28 U.S.C. § 1332(a)(2) as well as *Nike,*

14   *Inc.*). Plaintiff believes Defendants "conduct[] business in Sammamish, Washington." Dkt. No.

15   15 ¶ 7. But the operative complaint alleges nothing that allows the Court to infer Defendants are

16   *citizens* of Washington state. To the contrary, Plaintiff alleges, "[u]pon information and belief,

17   the Doe Defendants operate out of a secret location in Warsaw, Poland." *Id.* ¶ 13. The only

18   alleged connection to Washington is that the website "is supported by a platform operated by

19   Epik [Holdings, Inc.,] in Sammamish, Washington."[4] *Id.* In short, this action is "a foreign

20   plaintiff suing foreign defendants," which is outside the scope of diversity jurisdiction. *See Nike,*

21

22

23   [3] The word "State," as used in this section, includes the Territories, the District of Columbia, and the
     Commonwealth of Puerto Rico. 28 U.S.C. § 1332(a)(e).

24   [4] Plaintiff voluntarily dismissed Epik Holdings, Inc., as a Defendant in this action. Dkt. No. 16.

*Inc.*, 20 F.3d at 991. Despite having access to expedited discovery on Defendants' identity and location, Plaintiff has made no attempt at refuting this point.

Second, this case is ripe for dismissal for lack of prosecution. The Court may dismiss a case for a plaintiff's failure to prosecute his case. *See Ash v. Cvetkov*, 739 F.2d 493, 496–97 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."); *see also* Fed. R. Civ. P. 41(b) (involuntary dismissal where a plaintiff fails to prosecute).[5] A court must weigh five factors before dismissing a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "Dismissal is proper when at least four factors support dismissal or where at least three factors 'strongly' support dismissal." *Beck v. Pike*, No. C16-1, 2017 WL 530354, at *5 (W.D. Wash. Feb. 9, 2017); *accord Le v. Mcrae*, No. 22-55419, 2023 WL 166430, at *1 (9th Cir. Jan. 12, 2023) (unpublished opinion) (affirming dismissal for failure to prosecute). *But see Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favor and two weigh against dismissal).

Here, the factors weigh strongly in favor of dismissal. The public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket both weigh in favor of closing this case, especially given that the case has lingered for nearly seven months without any Party action. This unreasonable delay also presumably prejudices Defendants, while

---

[5] Local Civil Rule 41(b)(1) provides that any case pending without any proceeding of record having been taken for nine months may be dismissed by the court. The nine-month period is not a mandatory minimum, however, as courts of this District have routinely dismissed cases for failure to prosecute well before nine months have passed, provided that the plaintiff has had an opportunity to show otherwise. *See, e.g.*, *Humble v. Roberson*, No. C23-5265, Dkt. No. 5 (W.D. Wash. May 25, 2023) (adopting recommendation to dismiss case within two months of case initiation, once plaintiff failed to amend complaint or show cause).

the case remains pending. *See Pagtalunan*, 291 F.3d at 642–43 (finding unreasonable delay weighs in favor of dismissal). And the Court has already explored less drastic alternatives, including by permitting Plaintiff to conduct discovery into Defendants' identities and locations so that Plaintiff might be able to move forward with this litigation in spite of the limited information at his disposal. The Court has also given Plaintiff an opportunity to present an argument as to why this case should proceed and Plaintiff's plans for going forward. Plaintiff has not taken advantage of either opportunity—and indeed appears to have abandoned his case. Finally, the public policy favoring disposition of cases on their merits has little weight here, given that the Court likely lacks jurisdiction to adjudicate this matter and Plaintiff seemingly lacks even the most basic information about Defendants to pursue his action. Plaintiff's own inaction also suggests that this matter would not otherwise proceed to a consideration of the merits.

Accordingly, this case is DISMISSED without prejudice for lack of subject matter jurisdiction and for failure to prosecute. Judgment will issue separately. Plaintiff's pending motion for a temporary restraining order and preliminary injunction (Dkt. No. 23) is STRICKEN as moot. The case is CLOSED.

Dated this 5th day of July 2023.

Tana Lin
United States District Judge